## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **1.  TED FINE, d/b/a FINE PAWN,** ) | |
| a Sole Proprietorship, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.   19-CV-227-RAW |
| ) | |
| **1. THE CITY OF SALLISAW, OKLAHOMA,** ) | |
| **2. ERNIE MARTENS, MAYOR** ) | |
| for The City of Sallisaw, Oklahoma, ) | |
| **3. KEITH SKELTON** , City Manager for the ) | |
| City of Sallisaw, Oklahoma, ) | |
| **4.  BOARD OF COMMISSIONERS** FOR THE ) | |
| CITY OF SALLISAW, OKLAHOMA, ) | |
| **5. RONNIE LOWE, COMMISSIONER** WARD 1,) | |
| **6. PHILLIP GAY, COMMISSIONER** WARD 2, ) | |
| **7.  JULIAN MENDIOLA, COMMISSIONER** ) | |
| WARD 3, ) | |
| **8. SHANNON VANN, COMMISSIONER** ) | |
| WARD 4, ) | |
| **9.  LARRY LANE**, individually and as the ) | |
| Sheriff of Sequoyah County, Oklahoma, ) | |
| **10. GENE WHEAT,** individually and as an ) | |
| Investigator for the Sheriff of Sequoyah ) | |
| County, Oklahoma. ) | |
| **11.  SALLISAW POLICE DEPARTMENT** ) | |
| ) | |
| Defendants. ) | |

## <u>VERIFIED COMPLAINT</u>

The Plaintiff, Ted Fine, d/b/a Fine Pawn, by and through his attorneys,

LKDLAW, P.C., by Laurence K. Donahoe and CONRADY LAW, PLLC by James A.

Conrady and for his causes of action and claims for relief against the above-

named Defendants makes the following statements and allegations:

## PRELIMINARY STATEMENTS

1.      The Plaintiff has protected property rights and interests by virtue of the 4th, 5th and 14th Amendments to the United States Constitution.  Each and all of the acts alleged herein were done by the Defendants, and each of them, individually and under color of law, and did deprive the Plaintiff of his rights as guaranteed by the United States Constitution and Article 2, Section 30 of the Constitution of the State of Oklahoma.

2.      The licensing and regulation of pawnshops and the framework for the interaction with law enforcement is set forth in the Oklahoma Pawnshop Act which was enacted in 1972 as amended, by the Legislature of the State of Oklahoma, has preempted the governance and operations of Oklahoma Pawn Brokers and Pawn Shops and is supervised and regulated by the Oklahoma Department of Consumer Credit.

3.      The preempted provisions enumerated in the Oklahoma Pawnshop Act, Title 59 O.S. § 1501 et seq., are more particularly as set forth in:

a.      § 1503 - License Required.

b.      § 1503A - Eligibility for Pawn License.

c.      § 1506 - Effect of License.

d.      § 1508 - Examination, Investigations and Access to Records.

e.      § 1511 - Limitation on Agreements and Practices.

f.      § 1514 - Enactment of Ordinances by Municipalities.

g.      § 1515 - Copy of Report to Law Enforcement Agency..........

4.      The Defendant, Board of Commissioners, constitute the rule making authority for the City of Sallisaw.

5.      The Sallisaw Code of Ordinances give rise to and permit the unauthorized law enforcement conduct by the Sallisaw Police personnel and the Sequoyah County Sheriff's Office personnel, not while pursuing any administrative function, but while operating under the suspicion of criminal activity, conducting warrantless searches, under the color of law, resulting in the attempts to seize property in violation of the constitutional and statutory protected property rights of the Plaintiff.

6.      The Sallisaw Code of Ordinances and provisions therein disregard and are in conflict with and more restrictive than the statutory scheme set forth in the Oklahoma Pawnshop Act.

7.      The Sallisaw, OK Code of Ordinances are in conflict with the provisions of the Oklahoma Pawnshop Act in the following particulars:

        a.      Sec. 22-262 requires a pawn broker to register with the city clerk.  This section is more restrictive than the provisions of the Oklahoma Pawnshop Act.

        b.      Sec. 22-263 requires a subscription to LeadsOnLine and requires the uploading of information from books and records.   This section is more restrictive than the provisions of the Oklahoma Pawnshop Act which contains no such provision.

        c.      Sec. 22-264 at the end of (a) (1) substitutes the "city" under administrative ......examination or inspection......  In (c) there is

a requirement for electronic records.  This section is more restrictive than the provisions of the Oklahoma Pawnshop Act.

d.    Sec. 22-266 (7) contains an unlawful restriction connected with intoxicating liquors or drugs.  This section is more restrictive than the provisions of the Oklahoma Pawnshop Act.

e.    Sec. 22-267 provides a fine, fees and costs for any violation of the Sallisaw, OK Code of Ordinances.  This section is more restrictive than the provisions of the Oklahoma Pawnshop Act.

8.    The past and current conduct of officers of the Sallisaw Police Department and the current conduct of the Sequoyah County Sheriff's Department not only violate the protected property rights of the Plaintiff, but also are in conflict with the Oklahoma Pawnshop Act which is a statutory process for the licensing and regulating Oklahoma Pawn Shops and sets forth procedures and the course of conduct for law enforcement to follow in circumstances where there is a suspicion of criminal conduct.

9.    In this instant action, the Plaintiff seeks Declaratory Judgment as to the validity of the Sallisaw Code of Ordinances as the provisions relate to Pawn Brokers and the operation of Pawn Shops which are in conflict with the Oklahoma Pawnshop Act.

10.    Plaintiff also seeks Injunctive Relief to stop Sallisaw Police and the Sequoyah County Sheriff's Office from sending alleged victims into pawn shops to look for and claim what they believe might be their property.  Additional

Injunctive Relief is sought to prohibit all law enforcement from conducting

warrantless searches and attempted seizures, under the color of law, once they

establish a suspicion of criminal activity.  At this point the inspection is no longer

a neutral administrative search and they are required to seek a warrant.

## PARTIES

11.     The Plaintiff, Ted Fine, d/b/a Fine Pawn , ("Fine Pawn" or

"Plaintiff") conducts business as Fine Pawn, located at 1010 West Cherokee

Avenue, Sallisaw, OK  74955.  Fine Pawn is properly licensed by the Oklahoma

Department of Consumer Credit ("ODCC") and is authorized to buy, pawn and sell

items sold or pledged to the pawnshop.  As a pawnshop, subject to the regulation

of the OKLAHOMA DEPARTMENT OF CONSUMER CREDIT, upon the receipt of

property obtained by purchase or pledge, Plaintiff is vested with a legally

protected property interest in that property.  At all times material to this action,

Plaintiff has operated a licensed Pawn Shop within the Corporate City Limits of

the City of Sallisaw, in the County of Sequoyah, State of Oklahoma.

12.     The Defendant, City of Sallisaw is located in Sequoyah County,

Oklahoma, and operates under a city charter and has a Council / City Manager

form of government.

13.     The Defendant, Board of Commissioners of the City of Sallisaw,

Oklahoma, is the governing body that possesses the authority to pass all

ordinances for the City of Sallisaw compiled into the Sallisaw City Code and is

currently comprised of:

    a.    Ronnie Lowe, Commissioner Ward 1,
    b.    Phillip Gay, Commissioner Ward 2,
    c.     Julian Mendiola, Commissioner Ward 3,
    d.    Shannon Vann, Commissioner Ward 4.

14.    The Defendant, Ernie Martens ("Mayor") is the duly elected Mayor

for the City of Sallisaw, State of Oklahoma.

15.    The Defendant, Keith Skelton, is the City Manager for the City of

Sallisaw, County of Sequoyah, State of Oklahoma.

16.    The Defendant, Larry Lane, is an individual and is Sheriff of

Sequoyah County, State of Oklahoma.

17.    The Defendant, Gene Wheat, is an individual and an investigator for

the Sheriff of Sequoyah County, State of Oklahoma.

18.    The Defendant, Sallisaw Police Department, is a necessary party as

the Plaintiff has had similar problems arise with the Sallisaw Police Department

and as a result thereof is a named Defendant to be bound by any judgments and

orders of this Court.

## JURISDICTION, VENUE AND
## STATUTORY BASIS FOR PLAINTIFF'S CLAIMS

19.    Plaintiff's causes of action arise under the laws of the United States,

particularly under the Civil Rights Act, 42 U.S.C. §1983, the United States'

Constitution, particularly under the provisions of the Fourteenth (14th), Fourth

(4th) Amendments and the due process clause of the Fifth (5th) Amendment, and under, Rule 57 (Declaratory Judgment) and Rule 65 (Injunctions and Restraining Orders) of the Federal Rules of Civil Procedure and applicable State Statutes including but not limited to Title 59 O.S. § 1501 et. seq. and the common laws of the State of Oklahoma.

20.    This Honorable Court has jurisdiction under and by virtue of 28 U.S.C. § 1343, and under provisions of the GRAMM-LEACH-BILLEY FINANCIAL SERVICES MODERNIZATION ACT OF 1999 (GLBA) codified as 15 U.S.C. 6801 et seq.; 16 C.F.R. 313, under The FEDERAL TRADE COMMISSION / CONSUMER FINANCIAL PROTECTION BUREAU (FTC/CFPB).  The Court has Supplemental Jurisdiction pursuant to 28 U. S. Code § 1367, in that the claims are interrelated and arise out of the same conduct and occurrences.

21.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391 in that all Defendants reside within the State of Oklahoma and one or more live in this District and all of the events and actions by the Defendants giving rise to Plaintiff's claims arose within this District.

**COUNT I**

22.    At all times material to this Complaint, the named Defendants, and each of them, were acting individually implementing state and/or municipal law and/or official policy or custom of the City of Sallisaw, State of Oklahoma and/or were acting under color of law.

23.    Title 59 O.S. § 1508(B) states:

"Whenever a peace officer has probable cause to
believe that property in possession of a licensed
pawnbroker is stolen or embezzled, the peace officer of
the local law enforcement agency of the municipality
or other political subdivision in which the pawnshop
resides may place a written hold order on the property.
The initial term of the written hold order shall not
exceed thirty (30) days.  However, the holding period
may  be extended in successive thirty (30) day
increments upon written notification prior to the
expiration of the initial holding period.  If the holding
period has expired and has not been  extended, the
hold order shall be considered expired and no longer
in effect, and title shall vest in the pawnbroker subject
to any restrictions contained in the pawn contract. The
initial written hold order shall contain the following
information:

1.  Signature of the pawnbroker or designee;

2. Name, title and identification number of the peace officer

placing the hold order;

3. Name and address of the agency to which the peace officer

is attached and the offense number;

4. Complete description of the property to be held, including

model number, serial number and transaction number;

5. Name of agency reporting the property to be stolen or

embezzled;

6. Mailing address of the pawnshop where the property is

held;

7. Expiration date of the holding period."

24.    The Sallisaw Police Department and the Sequoyah County Sheriff

Department do not follow the procedures enumerated in Title 59 O.S. § 1508(B).

25.    Gene Wheat, Investigator for the Sequoyah County Sheriff's Department, acting outside of any administrative function but in the capacity of a law enforcement officer and under the color of law, pursued a course of conduct designed to and which did in fact interfere with the Plaintiff's property interest, in violation of the constitutional rights of the Plaintiff to be free from warrantless search and attempted seizure, in the following particulars:

a.    In mid April, 2019, according to Gene Wheat, a conversation was overheard in the Sequoyah County Jail mentioning a pickup that was allegedly pawned at Fine Pawn Shop, believed to be stolen.

b.    On April 22, 2019, Gene Wheat, under the suspicion of a crime having been committed,  instructed an alleged victim to enter the pawnshop seeking a black pickup.  The Alleged victim entered the pawn shop at approximately 2:00 p.m. confronted the pawn shop staff and then left.

c.    Investigator Wheat entered the pawn shop at approximately 2:22 p.m. and without a warrant demanded to search for the pickup.

26.    The actions of Gene Wheat in his law enforcement capacity, under the color of law and based on a suspicion of criminal activity, effectively deprived the Plaintiff of his constitutionally protected property interest and elevated itself to the level of an unlawful search and the attempted seizure of property from the Plaintiff without warrant or judicial process.

27.    Thereafter a Sallisaw Police Officer sent a victim of a burglary, Jennifer Crutchfield, to Fine Pawn seeking her stolen property.

28.     Defendants, Gene Wheat, the Sequoyah Sheriff's Department and the Sallisaw Police Department should be enjoined and prohibited from engaging in any conduct or any attempted warrantless searches and/or attempted seizures of property once they develop any suspicion of criminal activity including but not limited to stolen property in the possession of a pawnbroker at which time they should be required to obtain a warrant.

29.     Defendants, Gene Wheat, the Sequoyah County Sheriff's Department and the Sallisaw Police Department should, by injunctive relief, be required to follow all of the policies and procedures in the Oklahoma Pawnshop Act as set forth in Title 59 O.S § 1501 et. seq. and  § 1508 (B).

## COUNT II

30.     Pursuant to Title V of the GRAMM-LEACH-BILLEY FINANCIAL SERVICES MODERNIZATION ACT OF 1999 (GLBA) codified as 15 U.S.C. 6801 et seq., grants consumer financial privacy protections to customers of "financial institutions," which includes pawnbrokers.

31.     The privacy safeguards and regulations implementing the GLBA are found at 16 C.F.R. 313, under The FEDERAL TRADE COMMISSION / CONSUMER FINANCIAL PROTECTION BUREAU (FTC/CFPB), which sets forth compliance and measures to safeguard the disclosure of nonpublic personal information to third parties.

32.     Plaintiff is required to comply with the GLBA and the FTC/CFPB or face the risk and the possibility of civil and criminal penalties for non-compliance.

33.     The requirement of the Sallisaw Code of Ordinance requiring uploading to a third party data base such as **LeadsOnLine** is also a direct violation of GLBA, FTC and CFPB.

34.     The Defendants, Gene Wheat, the Sequoyah Sheriff's Department and the Sallisaw Police Department should be enjoined and prohibited from directing alleged victims to enter into the pawn shop to search for their allegedly stolen property and to request information on the person who pawned or sold it.

### COUNT III

35.      The CHARTER OF THE CITY OF SALLISAW, OKLAHOMA as voted upon by a majority of electors voting thereon was approved on the 18th day of December, 1992 as signed by David Walters, Governor of the State of Oklahoma, ATTEST: by John Kennedy, Secretary of State.

36.     Section 6 of the Charter states:

> "Except as otherwise provided in this Charter, all powers of the City and the determination of matters of policy shall be vested in the Board of Commissioners, subject to............ the Board of Commissioners may:
>
> (b.) Enact local legislation subject to limitation as may now or hereafter be imposed by the statutes of the State of Oklahoma and the Constitution of the State of Oklahoma."

37.     Defendants, City of Sallisaw, Oklahoma, Board of Commissioner of
The City of Sallisaw, Oklahoma including but not limited to Mayor Ernie Martens,
Keith Skelton as City Manager for the City of Sallisaw (or their predecessors) ,
have jointly and severally entered in the municipal records of the City of Sallisaw
Code of Ordinances specific code sections that deprive the Plaintiff of his rights
protected under the Fourteenth (14th), Fourth (4th) Amendments and the due
process clause of the Fifth (5th) Amendment.  These actions circumvent and
violate procedural due process and the requirements and restrictions of the
Oklahoma Pawnshop Act, Title 59 O.S. § 1501 et. seq.  The actions of these
Defendants, in concert, are as follows:

38.     Title 59 O.S. § 1501 et. seq., hereinafter referred to as the Oklahoma
Pawnshop Act authorizes the ODCC as the regulatory agency for Pawnshops
located within the State of Oklahoma.  Title 59 O.S. § 1514 states:

> "Municipalities may enact ordinances which are in
> compliance with **but not more restrictive than**
> (emphasis added) the provisions of the Oklahoma
> Pawnshop Act, Section 1501 et seq. of Title 59 of the
> Oklahoma Statutes.  **Any existing or future order,
> ordinance or regulation which conflicts with this
> provision shall be null and  void.**"  (Emphasis
> added.)

39.     The City of Sallisaw may not enact ordinances which are in
noncompliance and are/or  more restrictive than any provisions within the State
Statutes wherein the Legislature has addressed the issue.

40.     The Sallisaw Code of Ordinances usurps the authority legislatively conveyed solely upon the Oklahoma Department of Consumer Credit.  Although Title 59 O.S. § 1514 above authorizes municipalities to enact ordinances, it severally restricts and prohibits any ability to enact an ordinance which is clearly more restrictive than the provisions of the Oklahoma Pawnshop Act.

41.     The Oklahoma Pawnshop Act sets out the information to be gathered by the Pawnbroker in Title 59 O.S. § 1515.

42.     The City of Sallisaw's Code of Ordinances contain multiple sections, as set forth in paragraph 7 above, that are more restrictive than state law in Title 59 O.S § 1501 et. seq. and are prohibited.

43.     The Oklahoma Legislature has specifically preempted the field reserving exclusively unto the Oklahoma Department of Consumer Credit the licensing of pawn shops in §1503, the bond requirement in §1504, the authority to license and charge an annual fee in §1506, the authority to revoke or suspend the license in §1507 and the information required to be gathered by the pawnbroker in §1515.

44.     Further the City of Sallisaw invades the rule making authority conferred on by the Legislature to the Administrator of the Department of Consumer Credit.  The authority for rule making is specifically relegated solely to the Administrator, as set forth in Title 59 O.S. §1512 and §1514 and therefore

precludes the City of Sallisaw from usurping the authority of the Oklahoma Department of Consumer Credit.

45.     Additionally, the Oklahoma Legislature has specifically preempted the field concerning the information required to be gathered by the pawnbroker in §1515, which does not include a register or the vast information set forth in the municipal ordinance.  Only the information required by §1515 and consequently the only information which may be required by a municipality pursuant to §1514 is clearly delineated by the Oklahoma Legislature.  Further, the information is not required to be delivered to law enforcement.  Section 1515(A) limits the requirement for the pawnbroker providing information to law enforcement as follows "(A) Any pawnbroker shall **make available** a copy or report within two (2) days of any buy or pawn transaction to the local law enforcement agency......"(emphasis added).   Although the Statute also states that "The pawnbroker **may** provide the transaction report to the local law enforcement agency by either electronically reporting the information in the transaction report to an electronic database.........;" there is no statutory requirement to do so. (emphasis added)   Any providing or uploading of records is clearly at the option of the pawnbroker to choose his preferred method as to whether he desires to make available, provide or upload transaction reports.

46.     Ordinance Sec. 22-264 authorizes systematic violation of the 4th Amendment to the United States Constitution regarding warrantless searches,

absent probable cause and without restrictions or limitations on the time, or scope of such search.  This ordinance invades the rule making authority conferred on the Administrator of the Department of Consumer Credit, by the Legislature and greatly expands the requirements of Title 59 O.S. § 1515 concerning what information must be gathered by the Plaintiff.  The ordinance requires the Plaintiff to upload data to a third party administrator, "LEADS ON LINE" or any other database approved by the Sallisaw Police Department, which constitutes an unconstitutional search and seizure pursuant to the 4th Amendment to the United States Constitution and the violation of Title 59 O.S. § 1514 and also violates GLBA, FTC and CFPB.

**CONCLUSION**

47.     The Court should find that the actions of the Defendants, Sequoyah County Sheriff Department and the Sallisaw Police Department constitute unconstitutional warrantless searches and give rise to the potential for warrantless seizures.  The actions of the Defendants, Sequoyah County Sheriff Department and the Sallisaw Police Department result in a  deprivation of the Plaintiff's protected property interest and are done and performed with a reckless disregard for the Plaintiff's constitutionally protected rights, without probable cause, in direct violation of the GLBA, FTC and CFPB;.

48.     An examination of the City of Sallisaw's Ordinances indicates that the Court should find that the City of Sallisaw's Ordinance Sec. 22-262, Sec.22-

263, Sec. 22-264. Sec.22-266 (7) and Sec. 22-267 are more restrictive than state law as prohibited by Title 59 O.S. § 1501 et seq. and enter declaratory relief, declaring that the Sallisaw Code of Ordinances Sec. 22-262, Sec.22-263, Sec. 22-264. Sec. 22-266 (7) and Sec. 22-267 with respect to pawn brokers and pawn shops in their collective entirety are void and null on their face.

49.     If these Defendants are not restrained and enjoined from engaging in unlawful conduct the Plaintiff will suffer an irreparable deprivation of rights and financial hardship and harm.

## REQUESTED RELIEF

50.     **WHEREFORE**, premises considered, Plaintiff prays for judgment against the named Defendants for:

a.     Declaratory Judgment:

   i.     Finding that the actions of the Defendants, Sequoyah County Sheriff Department and the Sallisaw Police Department constitute a deprivation of rights under the color of law; are unconstitutional and violate the Plaintiff's protected right against warrantless searches under the Fourteenth (14th), Fourth (4th) Amendments and the due process clause of the Fifth (5th) Amendment .

   ii.     Finding that Sallisaw Code of Ordinances Sec. 22-263 and Sec. 22-264 on their face and in their application to the Plaintiff are more restrictive than the provisions of Title 59 O.S. § 1501 et. seq., and that the Defendants attempt to expand by the Sallisaw Code of Ordinances to circumvent the authority of the Oklahoma Department of Consumer Credit as the sole regulatory agency of pawnshops within the State of Oklahoma are in non-compliance with, and more restrictive than the provisions Oklahoma Pawnshop Act and are therefore null and void.

b.    An Injunction by this Court directing the Defendants:

    i.    when under suspicion of criminal activity, to cease sending alleged victims to pawn shops to search for their property;

    ii.    and further to cease all searches with the exception of neutral administrative searches and to cease all searches and attempted seizures of records or property from the Plaintiff's premises without a valid search warrant.

c.    For an award of costs and reasonable attorney's fee, and for such other relief as the Court may find just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby makes demand for a trial by jury.

Dated this 15th day of July, 2019.

Respectfully submitted,
LKDLAW, P.C.

/s/ Laurence K. Donahoe

_____

**Laurence K. Donahoe, OBA # 2414**
P.O. Box 31375
Edmond OK   73003-0023
Telephone (405) 282-1225
Facsimile (404) 282-1298
Email:lkdlaw@me.com
**Attorney for Plaintiffs**

and

**James A. Conrady, OBA # 1853**
CONRAD LAW, PLLC
6 N. Pecan Drive
Stillwater OK   74075
(832) 330-5620
Jconrady@hotmail.com
**Co-counsel for the Plaintiffs**

## VERIFICATION

STATE OF OKLAHOMA,            )
                             )  ss:
COUNTY OF SEQUOYAH,           )

    Ted Fine, of lawful age and being first duly sworn upon oath, states: I have read the above and  foregoing Complaint and state that all facts asserted and contained therein are true and correct to the best of my knowledge and belief.


_Ted Fine_
Ted Fine


Subscribed and sworn to before me on July 12, 2019, by Ted Fine,  above named.


_Catherine R. Fine_
Notary Public