# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

TED FINE, d/b/a FINE PAWN,     )
a Sole Proprietorship,     )
     )
     Plaintiff,     )
     )
vs.     )     NO. CIV-19-0227-JH
     )
THE CITY OF SALLISAW,     )
OKLAHOMA;     )
BOARD OF COMMISSIONERS FOR     )
THE CITY OF SALLISAW,     )
OKLAHOMA;     )
LARRY LANE, Sheriff of Sequoyah     )
County, Oklahoma;     )
JACK THORP, District Attorney for     )
Sequoyah County, Oklahoma,     )
     )
     Defendants.     )

## ORDER

Plaintiff Ted Fine, d/b/a Fine Pawn, filed this action challenging the validity of certain Sallisaw city ordinances as they relate to pawnshops and their operation. As originally filed, plaintiff also purported to assert claims against Larry Lane, the sheriff of Sequoyah County, and one of his investigators. Those claims were dismissed for failure to state a claim. Plaintiff has now filed an amended complaint which deletes certain of the defendants originally sued, adds others, and, as pertinent here, asserts renewed claims against Sheriff Lane in his official capacity, i.e. against Sequoyah County. Sheriff Lane has again moved to dismiss plaintiff's claims against the County for failure to state a claim.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, dismissal under Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted). "[T]he Twombly/Iqbal standard 'is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Robbins v. Okla., 519 F.3d 1242, 1247 (10th Cir. 2008)).

Applying these standards, the court concludes the motion should be granted.

Like the original complaint, the Amended Complaint is not altogether clear as to exactly what claims are asserted against each defendant. However, plaintiff appears to assert, as to the Sheriff/County, two claims: (1) a § 1983 claim for violation of plaintiff's Fourth, Fifth, and Fourteenth Amendment rights, and (2) a claim for violation of the Oklahoma Pawnshop Act, 59 Okla. Stat. § 1501, et seq. ("OPA").

With respect to the federal claim, the Amended Complaint alleges the sheriff's investigator, Wheat, told one or more theft victims to check at plaintiff's pawnshop to see if their property was there. It also alleges Wheat came there himself looking for a stolen pickup. Plaintiff contends these actions constitute warrantless searches contrary to the Constitution. The Amended Complaint also alleges an investigator for the sheriff put a

purported 90 day "hold" on a Ruger revolver, contrary to state law which authorizes only a 30 day hold, subject to extension. He apparently views this as a deprivation of property contrary to the Due Process Clause.

Plaintiff cites no authority supporting his assertion that a law enforcement officer looking around a pawnshop, or suggesting that a victim do so, is an illegal search. Indeed, it is difficult to see how it qualifies as a search at all. Pawnshops are open to the public. People come in and look at the merchandise there. A suggestion by law enforcement that a victim do so does not transform the victim's presence into something unauthorized. Further, state law makes it explicitly clear that a sheriff's investigator or other similar law enforcement person can enter the pawnshop to look for potentially stolen merchandise. The books, papers and property of a pawnshop are subject to inspection by law enforcement at any reasonable time, and an authorized peace officer shall have "free access" to, among other things, the licensee's place of business. *See* 59 Okla. Stat. § 1508(A). Against this regulatory backdrop, there is no apparent basis for an expectation of privacy such as would be the basis for a constitutional claim in these circumstances. Observations made by law enforcement from areas that are open to the public do not constitute a search under the Fourth Amendment. *See* United States v. Hatfield, 333 F.3d 1189, 1194-95 (10th Cir. 2003). Similarly, plaintiff cites no authority suggesting that a "hold" placed for a period of time greater than that authorized under state law rises to the status of a constitutional taking. The court concludes the Amended Complaint does not allege a constitutional violation by the sheriff's personnel.

Even if the court was to conclude that a constitutional violation had been alleged, the Amended Complaint does not state (apart from purely conclusory allegations) any basis for concluding that the particular actions of the investigators were pursuant to official policy or that they were based on some custom or practice of the sheriff's office. County liability depends on those elements. *See* Bird v. West Valley City, 832 F.3d 1188, 1207-08 (10th Cir. 2016) (holding governmental entity is liable under Section 1983 only when unconstitutional actions of employee were representative of official policy, custom, or practice of governmental entity).

The court concludes the Amended Complaint fails to state a federal claim against Sheriff Lane and Sequoyah County.

Plaintiff also asserts a state law claim against Sheriff Lane/Sequoyah County seeking injunctive relief requiring the sheriff's department to follow all of the policies and procedures of the OPA, specifically the hold procedures set forth in § 1508(B). "A party moving for injunctive relief must satisfy the court that 'there exists some cognizable danger of recurrent violation.'" Wessel v. City of Albuquerque, 299 F.3d 1186, 1194 (10th Cir. 2002) (quoting United States v. W.T. Grant, 345 U.S. 629, 633 (1953)). In his Amended Complaint, plaintiff alleges only one prior violation of the OPA's hold procedures. *See* First Amended Complaint at ¶28. The Amended Complaint is devoid of any allegations that it is likely that the sheriff's department will violate the hold procedures in the future. Because plaintiff has set forth no factual allegations showing that there exists a cognizable danger of recurrent violations of the OPA, the court concludes the Amended Complaint fails to state a claim for injunctive relief against Sheriff Lane and Sequoyah County.

<u>**Conclusion**</u>

For the reasons stated, Sheriff Lane's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. #73] is **GRANTED.** The claims against Sheriff Lane and Sequoyah County are **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 21st day of January, 2020.

JOE HEATON
UNITED STATES DISTRICT JUDGE