IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TED FINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-19-0227-JH |
| ) | |
| THE CITY OF SALLISAW, ) | |
| OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Ted Fine brought this case against the City of Sallisaw and various city and county officials, challenging the validity of certain Sallisaw city ordinances impacting pawnshops and their operation.  Defendants Sallisaw Police Department, Ernie Martens, Keith Skelton, Ronnie Lowe, Phillip Gay, Julian Mendiola, and Shannon Vann were all dismissed from the case by stipulation.  Doc. Nos. 52 & 64.  Defendants Larry Lane and Gene Wheat were dismissed by order of the court, and plaintiff was granted leave to file an amended complaint.  Doc. # 61.  Plaintiff's First Amended Complaint asserted claims against the City of Sallisaw, the Board of Commissioners for Sallisaw, Larry Lane as Sheriff of Sequoyah County, and Jack Thorp as District Attorney for Sequoyah County.  Sheriff Lane again filed a motion to dismiss the claims against the County which the court granted.  Doc. # 79.  Following a scheduling conference with the parties, the court dismissed the claims against the City of Sallisaw as moot, in light of the City's repeal of the challenged municipal ordinance.  Plaintiff was granted leave to file a second amended complaint asserting more specifically his claims against defendant Thorp.  Doc. # 84.

Plaintiff filed a Second Amended Complaint which included allegations directed at Thorp as District Attorney, but also listing the City of Sallisaw and Board of Commissioners of Sallisaw as defendants. The court *sua sponte* terminated the City defendants. Defendant Thorp has now filed a motion to dismiss the purported claims against him.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, dismissal under Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient." Brokers' Choice of America, Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted).

In the complaint, plaintiff essentially seeks a declaratory judgment to the effect that Thorp does not follow the policies and procedures of the Oklahoma Pawn Shop Act. He also seeks an injunction directing Thorp to direct the police and sheriff's personnel in his jurisdiction to follow the Act. He purports to ground his claims in the Fourth, Fifth, and Fourteenth Amendments to the Constitution.

Whatever property or other interest plaintiff may have in items that are pawned to him, his complaint does not state a basis for any specific federal claim here. No doubt there are potential situations in which a state or local official's failure to follow some aspect of the Pawn Shop Act might impact plaintiff's rights in property pledged to him and afford

a basis for claim. But that possibility does not translate into a basis for the sort of free-floating declaration that plaintiff seeks here, much less for injunctive relief ordering a state official to order other state or local officials to, in general, follow state law. In short, the complaint states no federal claim against the District Attorney.[1] To the extent that some state law claim is suggested based on plaintiff's largely conclusory allegations, the court declines to exercise supplemental jurisdiction over such claims.

Defendant Thorp's Motion to Dismiss [Doc. #88] is therefore **GRANTED**. Plaintiff's Second Amended Complaint is **DISMISSED**. Further, given the nature of plaintiff's arguments and the fact that he has twice been granted an opportunity to state a plausible claim, the court concludes leave to amend further should be denied. As all claims have now been resolved, judgment will be entered in accordance with this and prior orders.

**IT IS SO ORDERED**.

Dated this 26th day of August, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] Defendant Thorp asserts that plaintiff's claims against him fail because neither the state nor state officials acting in an official capacity are "persons" subject to a § 1983 claim. While this is true for money damages claims, a "state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (quotations and citation omitted).